Project Greers Ferry Reservoir

Lease No. DACW03-1-70- 886

Site Eden Isle Boat Dock

DEPARTMENT OF THE ARMY

LEASE OF UNITED STATES PROPERTY FOR COMMERCIAL CONCESSION PURPOSES

IN GREERS FERRY RESERVOIR AREA

THIS LEASE, made between the Secretary of the Army, of the First Part,

and The First Pyramid Life Insurance Company of America, Inc., Pyramid Life Building, Little Rock, Arkansas 72201,
of the Second Part, WITNESSETH:

That the Secretary of the Army, by virtue of the authority conferred on him by Section 4 of the Act of Congress approved 22 December 1944, as amended (16 U.S.C. 460d), and for the consideration hereinafter set forth, hereby leases to the Party of the Second Part, hereinafter designated as the lessee, the following described premises, therein referred to as the premises, for commercial concession purposes.

(See description attached hereto and made a part hereof)

Said premises are designated in red on Exhibit "A" attached hereto and made a part hereof.

THIS LEASE is granted subject to the following terms and conditions:

1. Said premises are hereby leased for a term of 18 years, 10 months, ~~xxxxxx~~ beginning 1 January 19 70, and ending 31 October 19 88.

This lease may be relinquished by the lessee at the end of any lease year by giving six months prior written notice to the District Engineer, Little Rock District, Corps of Engineers, P. O. Box 867, Little Rock, Arkansas 72203. The Government may revoke this lease at any time by giving 30 days written notice by the District Engineer to the lessee in the event the lessee violates any of the terms and conditions of this lease and continues and persists in such violation for a period of 90 days after the District Engineer has advised the lessee of such violation in writing.

SW1-205-c
29 Jan 70



Incl 1 to 20 May 70 SWLRE-A1

EXHIBIT
A
Blumberg No. 5208

2. a. The rent due the United States in consideration of the grant of this lease will be a graduated rent, the amount of which will be calculated on a form identical to that attached hereto as Exhibit "C". The amount of the rent will depend on the relationship of the total receipts ("gross income") from the business operations conducted on the premises (excepting income from guide services, license fees and taxes) to the cost of providing all structures and equipment used for the production of that income (called "Gross Fixed Assets (GFA)").

b. The rental will be calculated according to the form attached hereto as Exhibit "C". A weighted average Breakeven Point (called the breakeven point) and a weighted average Base Rate (called the Base Rate) will be calculated and used when applying the schedule to mixed business. The rent on income below the breakeven point will be calculated using 50% of the base rate. The fee on income between the breakeven point and twice the breakeven point will be calculated using 150% of the base rate. The fee on income above twice the breakeven point will be calculated using the Balance of Income rate.

c. It is desirable that the payment of rental be on as current a basis as possible. Since the bulk of yearly income is expected during the summer recreation season, rental will be calculated April through September of each year on a monthly basis. Rental may, if desirable, be calculated for the other periods of the year on a quarterly basis. Lessee shall furnish the District Engineer, on or before the tenth (10th) day of the calendar month following the rental period, the amount of gross income received from the business operations conducted on the leased premises during said rental period. Income reported shall be identified as that received from "sales" and that received from "rents and services", as set forth in the format in Exhibit "D" attached hereto. Rental will be calculated by the Government. Lessee shall furnish a statement of gross income for the period covered not later than the 10th of the following month. Rental will be computed in the District Office and after crediting the prepaid minimum rental (as provided in subparagraph d below) lessee will be billed for rental due. Such rental due shall be paid within 10 days after date of bill.

rent based on April - Sept.

Revised Supp #8

d. As a part of the annual rental, the lessee shall pay $ 1,800.00 as a fixed minimum rental which shall be payable semiannually on January 1 and July 1 of each year, except that for the first semiannual period, the minimum rental shall be paid on delivery of the lease and prorated in proportion to the period involved. The fixed minimum rental, while not refundable, will be offset against rental payments in preparing the reports of income required by subparagraph c above. The Fixed Minimum Rental (FMR) is determined by the amount of Gross Fixed Assets (GFA) as follows:

GREERS FERRY RESERVOIR

Lease Site Description of
Eden Isle Boat Dock

That part of the north 825 feet of the SE$\frac{1}{4}$ of the NE$\frac{1}{4}$ and the south 1,000 feet of the NE$\frac{1}{4}$ of the NE$\frac{1}{4}$ of the Fractional Section 18, Township 10 North, Range 10 West of the 5th P. M., Cleburne County, Arkansas, lying between the 434-foot contour and the Government fee taking line, and containing 21.0 acres, more or less.

Also, beginning at a point which is 120 feet east and 75 feet north of the southwest corner of the NW$\frac{1}{4}$ of the SE$\frac{1}{4}$ of Fractional Section 18, Township 10 North, Range 10 West of the 5th P. M., Cleburne County, Arkansas; thence north 26° east 300 feet to a point; thence south 84° 30' east 515 feet to a point; thence south 15° 45' west 260 feet to a point; thence north 86° 45' west 575 feet to the point of beginning, and containing 3.3 acres, more or less.

These two parcels contain in the aggregate 24.3 acres, more or less.

| GFA | FMR | GFA | FMR |
|---|---|---|---|
| $100,000 or less | $600 | To $200,000 | $1,200 |
| To $150,000 | $900 | To $250,000 | $1,500 |
| | | Over $250,000 | $1,800 |

Fixed Minimum Rental will be adjusted on the anniversary date of the lease when additions or losses of GFA cause such rental to be adjusted.

e. If the rent or other payments hereinabove provided to be paid by the lessee or any part thereof shall be in arrears and unpaid for 30 days after the same should have been paid, then and in such case the United States may, through said District Engineer, elect to terminate this lease by notification in writing to the lessee; in event of such termination, the lessee shall be required to promptly vacate and restore the premises in accordance with Condition 22 hereof.

3. The premises may be occupied and used by the lessee or his duly authorized agents, sublessees, assignees, or transferees solely for the conduct of business in connection with the recreational development of the premises for the general use of the public as follows:

a. Said business may include the following activities:

(1) Sale of food, refreshments, packaged merchandise, fishing tackle, fish bait, and other supplies.

(2) Sale of gasoline and lubricants.

(3) Rental of boats and motors.

(4) Sale of boats, motors, and accessories (optional).

(5) Furnishing facilities for mooring and docking privately-owned boats.

(6) Servicing, repairing, maintaining, and caring for privately-owned boats and motors.

shall be En...

(7) Transportation of passengers by boats for hire.

b. The lessee shall provide the ~~facilities~~ in accordance with the Facility Requirements, designated Exhibit "B", attached hereto and made a part hereof.

c. The lessee may provide additional facilities and services at any time after obtaining the written approval of the District Engineer. Upon completion of said facilities, information concerning the cost of said facilities should be furnished in order that the adjustment in GFA required by subparagraph 2a may be made.

d. The District Engineer may agree in writing to an extension of time for providing the facilities and services designated in Exhibit "B" or may waive the providing thereof for other than those specified for the first lease year as designated in paragraph 1 of Exhibit "B" whenever, in his opinion, the public demand does not reach the anticipated level at the time stated, or when a delay in providing the facilities and services is beyond the control of the lessee.

e. A lessee will not be authorized nor requested to make investments which are inconsistent with an opportunity to make a fair profit on the total operations authorized for the premises.

4. The lessee shall have the right, during the term of the lease, to erect such structures and to provide such equipment upon the premises as may be necessary to furnish the facilities and services authorized under Condition No. 3 of this lease, which structures and equipment shall be and remain the property of the lessee, except as otherwise provided in Condition No. 22 below, and may be removed therefrom by the lessee as provided in Condition No. 22 provided, however, that no structure may be erected or altered upon the premises unless and until the design and proposed location or alteration thereof shall have been approved in writing by the District Engineer.

Revised Supp #8

5. All rates and prices charged by the lessee for accommodations, food (except packaged goods), and services furnished or sold to the public

shall be subject to regulations and the prior approval of the District Engineer. The lessee shall, not less than 15 days prior to 30 April of each year that this lease remains in effect, submit to the District Engineer for approval a list of the rates and prices proposed for the following year and furnish justification for any proposed rate or price change. The District Engineer will give written notice to the lessee of his approval of and/or objection to any proposed rate or price and will state an approved rate or price for each item to which an objection has been made. The lessee shall keep a schedule of such rates or prices posted at all times in a conspicuous place on the premises. The District Engineer will judge the reasonableness of the rates and prices by comparison with those currently charged on privately owned lands in the general area under similar conditions, with due allowance for length of season, provision for peak loads, percentage of occupancy of any overnight or vacation cabins, accessibility, availability and cost of labor and materials, type of patronage, and other conditions customarily considered in determining charges.

6. The lessee shall maintain complete and accurate records of all receipts and disbursements and such additional records as the District Engineer deems necessary to adequately reflect the operations conducted on the premises. The lessee shall furnish to the District Engineer, within 30 days after the end of each year, certified true copies of his balance sheet, profit and loss statement and a statement of the total compensation (salaries, wages, bonuses and dividends) paid from the operations authorized by this lease. All accounts and records of the lessee involving the operations conducted on the premises will be subject to inspection and audit at any convenient time by the District Engineer or his duly authorized representatives.

7. At the commencement of this lease, the lessee will obtain from a reputable insurance company, and carry liability or indemnity insurance providing for minimum limits of $50,000 per person in any one claim, and an aggregate limit of $150,000 for any number of persons or claims arising from any one incident with respect to bodily injuries or death resulting therefrom, and $5,000 for damage to property suffered or alleged to have been suffered by any person or persons resulting from the operations of the lessee under the terms of this lease.

8. The lessee shall comply with all Federal laws and regulations and with all applicable laws, ordinances, and regulations of the state, county, and municipality wherein the premises are located, with regard to construction, sanitation, licenses or permits to do business, and all other matters.

The lessee shall not discharge waste or effluent from the property in such a manner that the discharge will contaminate streams or other bodies of water or otherwise become a public nuisance.

9. Any and all taxes imposed by the State or its political subdivisions upon the property or business of the lessee on the premises shall be paid promptly by the lessee.

10. The lessee shall not hunt or trap or allow hunting or trapping on the premises.

11. The lessee shall not permit gambling on the premises, or install or operate, or permit to be installed or operated thereon, any device which, in the opinion of the said officer, is contrary to good morals or is otherwise objectionable; or sell, store, or dispense, or permit the sale, storage or dispensing of any intoxicating beverages on the premises not specifically authorized in writing by the District Engineer; or use the premises or permit them to be used for any illegal or immoral business or purpose; there shall not be carried on or permitted upon the premises any activity which would constitute a nuisance.

12. The lessee shall cut no timber, conduct no mining operations, remove no sand, gravel, or kindred substances from the ground, commit no waste of any kind, nor in any manner substantially change the contour or condition of the premises, except as may be authorized; but the lessee may salvage such fallen or dead timber as may be required for use as firewood. The lessee shall keep the premises in good order and in a clean, sanitary, and safe condition, and shall at all times maintain all structures and equipment in a condition satisfactory to said District Engineer.

13. The lessee shall neither transfer nor assign this lease nor sublet the premises or any part thereof, nor grant any interest, privilege, or license whatsoever in connection with this lease without permission in writing from the District Engineer. Should the lessee be a corporation, said corporation shall keep the District Engineer informed of the current officers of the corporation as well as any changes in the major stockholders. The provisions of any subleases shall be subject to prior approval of the District Engineer.

14. There shall be no unreasonable interference with navigation by the exercise of the privileges hereby granted.

15. No attempt shall be made by the lessee to forbid the full and free use by the public of the water areas of the reservoir.

16. If the display of lights and signals on any work hereby authorized is not otherwise provided for by law, such lights and signals as may be prescribed by the Coast Guard or by the District Engineer shall be installed and maintained by and at the expense of the lessee.

17. The use and occupation of the leased premises shall be subject to the general supervision and approval of the District Engineer and to such rules and regulations as may be prescribed by him from time to time.

18. The right is hereby reserved to the United States, its officers, agents, and employees, to enter upon the premises at any time and for any purpose necessary or convenient in connection with Government work, to remove therefrom timber or other material, except property of the lessee, required or necessary for such work, to flood the premises when necessary, and/or to make any other use thereof as may be necessary in connection with project purposes, and the lessee shall have no claim for damages of any character on account thereof against the United States or any officer, agent, or employee thereof.

19. This lease is subject to all existing easements, and easements subsequently granted, for roadways and utilities located or to be located on the premises.

20. The lessee shall be responsible for any damage that may be caused to Government property by the activities of the lessee under this lease, and shall exercise due diligence in the protection of all improvements, timber, and other property of the United States which may be located on the premises, against fire or damage from any and all other causes.

21. The United States shall not be responsible for damages to property or injuries to persons which may arise from or be incident to the exercise of the privileges herein granted, or for damages to the property of the lessee, or for damages to the property or injuries to the person of the lessee's officers, agents, servants, or employees or others who may be on the premises at their invitation or the invitation of any one of them, arising from or incident to any governmental activities on the premises, and the lessee shall hold the United States harmless from any and all such claims.

22. On or before the date of expiration of this lease or its termination by the lessee, the lessee shall vacate the premises, remove the property of the lessee therefrom, and restore the premises to a condition satisfactory to the District Engineer. If, however, this lease is revoked,

28. The
1 Novemb
lease
an

the lessee shall vacate the premises, remove said property therefrom, and restore the premises to the condition aforesaid within such time as the District Engineer may designate. In either event, if the lessee shall fail or neglect to remove said property and so restore the premises, then, at the option of the Secretary of the Army, said property shall either become the property of the United States without compensation therefor, or the Secretary of the Army may cause it to be removed and the premises to be restored at the expense of the lessee, and no claim for damages against the United States or its officers or agents shall be created by or made on account of such removal and restoration work.

23. All notices to be given pursuant to this lease shall be addressed, if to the lessee, to The First Pyramid Life Insurance Company of America, Inc., Pyramid Life Building, Little Rock, Arkansas 72201;
if to the Government to the District Engineer, Little Rock District, Corps of Engineers, P. O. Box 867, Little Rock, Arkansas 72203, or as may from time to time otherwise be directed by the parties. Notice shall be deemed to have been duly given if and when inclosed in a properly sealed envelope or wrapper, addressed as aforesaid, and deposited postage prepaid (or, if mailed by the Government, deposited under its franking privilege) in a post office or branch post office regularly maintained by the United States Government.

24. The lessee shall not discriminate against any person or persons because of race, creed, color, or national origin in the conduct of operations on the premises.

25. No Member of or Delegate to Congress or Resident Commissioner shall be admitted to any share or part of this lease or to any benefits to arise therefrom. Nothing, however, herein contained shall be construed to extend to any incorporated company if the lease be for the general benefit of such corporation or company.

26. If more than one lessee is named in this lease, the obligations of said lessees herein contained shall be joint and several obligations.

27. The lessee warrants that no person or selling agency has been employed or retained to solicit or secure this lease upon an agreement of understanding for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by the lessee for the purpose of securing business. For breach or violation of this warranty, the Government shall have the right to annul this lease without liability or, in its discretion, to require the lessee to pay, in addition to the lease rental or consideration, the full amount of such commission, percentage, brokerage, or contingent fee.

from, the and

28. The existing lease, No. DA-03-050-CIVENG-64-618, for the period 1 November 1963 to 31 October 1988 covers this same leased site for the same purposes and under the terms of that lease the amount of $ 100.00 has been paid as fixed rental for the period 1 November 1969 to 31 October 1970. It is mutually agreed that Lease No. DA-03-050-CIVENG-64-618 is hereby terminated as of the close of business on 31 December 1969 and the unused portion of the fixed rental already received by the Government in the amount of $ 83.34 is hereby applied to the fixed minimum rental due under the terms of this lease.

IN WITNESS WHEREOF I have hereunto set my hand by authority of the Secretary of the Army this 19th day of May 19 70.

William K. Finefield
WILLIAM K. FINEFIELD
Chief, Real Estate Division

THIS LEASE is also executed by the lessee this 27th day of April 19 70.

~~SIGNED AND SEALED IN THE PRESENCE OF~~
ATTEST:
Harvey Ricketts
Assistant Vice President

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA, INC.
By: [signature] [SEAL]
Vice President

Pyramid Life Building, Little Rock, Ark
(Post Office Address) 72201

CORPORATE CERTIFICATE

I, Frank E. McGehee, certify that I am the __________ secretary of the corporation named herein; that Frank E. McGehee who signed this lease on behalf of the corporation was then __________ Vice President of the corporation; that said lease was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

(CORPORATE
SEAL)

Secretary

(Title)

1036-106

OF AWARD

Date 19 May 70

Department of the Army (Department or establishment) Little Rock Dist., Corps of Engineers (Bureau or office) Little Rock, Arkansas (Location)

## METHOD OF OR ABSENCE OF ADVERTISING

### METHOD OF ADVERTISING

1. By advertising in newspapers. Yes ☐ No ☐
2. (a) By advertising in circular letters sent to ........................ dealers.
   (b) And by notices posted in public places. Yes ☐ No ☐
   (If notices were not posted in addition to advertising by circular letters sent to dealers, explanation of such omission must be made below.)

### ABSENCE OF ADVERTISING

Without advertising in accordance with ..................... See below

(Cite law pursuant to which contract was negotiated and the applicable section and paragraph thereof. If contract was negotiated under a public exigency which would not admit of the delay incident to advertising, or because of it being impracticable to secure competition, state below or on the reverse hereof, the circumstances requiring negotiation.)

## AWARD OF CONTRACT

| | Yes | No |
|---|---|---|
| A. To lowest bidder as to price (Expenditures) . . . . . . . . . . . . . | ☐ | ☐ |
| B. To highest bidder as to price (Receipts) . . . . . . . . . . . . . . | ☐ | ☐ |

## CERTIFICATE

I CERTIFY that the foregoing statement is true and correct; that the written findings required by law to be submitted with the contract in case of negotiation, upon a determination by the agency head or other authorized official that such method of contracting is necessary, are attached thereto; that the total number of bids received is ............, and that where lower bids (expenditure contracts) or higher bids (receipt contracts) as to price were received, a statement of reasons for their rejection, together with an abstract of bids received, including all lower than that accepted in case of expenditure contracts and all higher in case of receipt contracts, is given below or on the reverse hereof or on a separate sheet attached hereto; that the articles or services covered by the agreement (expenditure) are necessary for the public service; and that the prices charged are just and reasonable.

This lease is a revision and replaces Lease No. DA-03-050-CIVENG-64-618 for the same purposes and for the same term, in accordance with proposed change to ER 405-1-830, 9 May 1969.

Chief, Real Estate Division
(Title)

William K Fireyard
WILLIAM K. FIREFIELD
(Signature of contracting officer)

NOTE.—This statement and certificate will be used to support all agreements, both formal contracts and less formal agreements of whatever character, involving the expenditure or receipt of public funds. It must be executed and signed by the contracting officer (unless the award is made by or is subject to approval by an officer other than the contracting officer, when execution and signature may be made by such officer).

U.S. GOVERNMENT PRINTING OFFICE : 1968 O—305-455 21-H

EXHIBIT "B" Revised Supp #8

Lease No. ~~DACW03-1-70-886~~
Reservoir Greers Ferry
Site Eden Isle Boat Dock

Facility Requirements. The facilities and services required to be provided by the lessee during the term of this lease are:

| Item | Number |
|---|---|
| Sales office and rest rooms | 1 |
| Storage dock | 1 |
| Party barge storage slips | 23 |
| Cruiser covered storage slips | 8 |
| Covered single storage slips | 76 |
| Dry storage building | Will house 82 boats |
| Work dock | 1 |
| Rental boats | 36 |
| Rental motors | 18 |
| Fuel dock | 1 |
| Fish cleaning dock | 1 |
| Boat paddles and related misc. equipment | |
| Miscellaneous office equipment | |
| Ford trucks | 2 |
| Miscellaneous operating equipment | |
| Breakwater | 1 |
| Parking lot and roads | |

Total Value of Facilities $287,500.00

EXHIBIT "B"

...ngineers

...ced Rent System
...l Computation Form

Concession Name

| District |
|---|
| Location |

| Period | Gross Fixed Assets (G F A) |
|---|---|

| Classification of Income | | | Break-even point (Percent of G F A) | | Base Rate | | Balance of Income Rate | |
|---|---|---|---|---|---|---|---|---|
| | Amounts | % | % | | % | | % | |
| | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) |
| Sales | $ | | 70 | | 1.50 | | 3.00 | |
| Rents & Services | | | 30 | | 4.50 | | 7.00 | |
| Total | $ | | X | | X | | X | |

| | Item | | Rate % | Income | Rent |
|---|---|---|---|---|---|
| 1 | Composite Break-even point | | (of G F A) | X | X |
| 2 | Composite Base Rent | | | X | X |
| 3 | Rent Computations | Income below Break-even Point | | | |
| 4 | | Income from Break-even to twice break-even | | | |
| 5 | | Balance of Income | | | |
| 6 | Total Rent Due | | % of total income | | $ |
| 7 | Rent Paid to Date (Fixed Minimum Rental, plus percentage rental) | | | | |
| 8 | Balance Due | | | | $ |

EXHIBIT "C"

# STATEMENT OF GROSS INCOME

(Name of Lessee or Sublessee) (Name of Reservoir)

Lease No. ______________________

For Period From ____________ To ____________

| SOURCE OF INCOME | AMOUNT | AMOUNT |
|---|---|---|
| **Category 1 - Sales** | | |
| 1. Gasoline and oil sales | $ | |
| 2. Live bait sales | $ | |
| 3. Artificial bait and tackle sales | $ | |
| 4. Food, candy, soft drinks, and tobacco sales | $ | |
| 5. Capital items sale of boats, motors, etc. | $ | |
| 6. Miscellaneous merchandise, motor parts, and accessories sales | $ | |
| 7. Other (Designate source) | $ | |
| TOTAL CATEGORY 1 | | $ |
| **Category 2 - Rents and Services** | | |
| 1. Boat rentals | $ | |
| 2. Motor rentals | $ | |
| 3. Boat and motor storage and related service | $ | |
| 4. Boat and motor repair service | $ | |
| 5. Commission on hunting and fishing licenses | $ | |
| 6. Fishing dock permits or pole rentals | $ | |
| 7. Rental of equipment, batteries, paddles, seat cushions, lights, etc. | $ | |
| 8. Overnight lodging and/or vacation cabin rentals | $ | |
| 9. Other (Designate source) | $ | |
| TOTAL CATEGORY 2 | | $ |
| Gross income on which percentage payment is computed | | $ |

EXHIBIT "D"

EXHIBIT "B"

Lease No. DACW03-1-70-886
Lake Greers Ferry Lake
Site Eden Isle Boat Dock

Facility Requirements. The facilities and services required to be provided by the lessee during the term of this lease are:

| Item | Number |
|---|---|
| Sales office & restrooms | 1 |
| Storage dock | 1 |
| Dock, boat storage, party barge (Open, 12 stalls) | 1 |
| Dock, boat storage, party barge (Open, 11 stalls) | 1 |
| Dock, boat storage, cruiser (½ open, ½ covered, 8 stalls) | 1 |
| Dock, boat storage, covered, 26 stalls | 1 |
| Dock, boat storage, covered, 10 stalls | 1 |
| Dock, boat storage, covered, 20 stalls | 1 |
| Dock, boat storage, covered, 20 stalls | 3 |
| Dock, boat storage, covered, 10 stalls | 1 |
| Boat storage, dry, 82 boats | 1(house) |
| Work dock | 1 |
| Rental boats | 26 |
| Rental motors | 12 |
| Fuel dock | 1 |
| Fish cleaning dock | 1 |
| Boat paddles & related misc.equip. | |
| Miscellaneous office equip. | |
| Ford trucks | 2 |
| Miscellaneous operating equip. | |
| Breakwater | 1 |
| Parking lot and roads | |

Total Cost of Facilities $287,500.00

EXHIBIT "B"
1 January 1972

#1

SUPPLEMENTAL AGREEMENT NO. 1
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE

THIS SUPPLEMENTAL AGREEMENT NO. 1, made between the Secretary of the Army, of the first part, and The First Pyramid Life Insurance Company of America and the Downtowner Corporation (DOWNTOWNER), of the second part,

WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease identified as Lease No. DACW03-1-70-886, and hereinafter referred to as the original lease, with the First Pyramid Life Insurance Company of America, Inc. for a term of 18 years, 10 months, beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock Lease Site for commercial purposes; and

WHEREAS, the parties of the second part have requested that the original lease be transferred from the First Pyramid Life Insurance Company of America, Inc. to the Downtowner Corporation (DOWNTOWNER); and

WHEREAS, transferring the lease as requested will not be detrimental to the interests of the United States,

NOW, THEREFORE, The aforesaid original lease is amended in the following respects and in these respects only, all other terms and conditions thereof remaining in full force and effect:

> The name "The First Pyramid Life Insurance Company of America, Inc." wherever it appears is deleted and the name "The Downtowner Corporation (DOWNTOWNER)" is substituted therefor.

IT IS UNDERSTOOD AND AGREED that the effective date of this supplemental agreement is the 1st day of January 1971.

Supplemental Agreement No. 1
to Lease No. DACW03-1-70-886

IT IS FURTHER UNDERSTOOD AND AGREED that the aforesaid The Downtowner Corporation (DOWNTOWNER), assignee hereunder, accepts all the terms and conditions of the original lease and assumes all responsibilities thereunder as of the effective date of assignment.

IN WITNESS WHEREOF, I have hereunto set my hand by authority of the Secretary of the Army this 31st day of December 1970. ~~197x~~

William K. Finefield
WILLIAM K. FINEFIELD
Chief, Real Estate Division

THIS SUPPLEMENTAL AGREEMENT NO. 1 is also executed by the lessee as of the 29th day of December 1970.

Signed and Sealed in the Presence of:

Frank E McGehee

First Pyramid Life Bldg
(Address)
Little Rock, Ark

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA

BY W. B. Brady
Vice President & Counsel Assignor

CORPORATE CERTIFICATE

I, Frank E McGehee, certify that I am the Secretary of the corporation named as assignor herein; that W B Brady who signed this Supplemental Agreement on behalf of the lessee was then Vice President of said corporation; that said Supplemental Agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

Frank E McGehee

Supplemental Agreement No. 1
to Lease No. DACW03-1-70-886

THIS SUPPLEMENTAL AGREEMENT NO. 1 is also executed by the assignee this

______ day of ________________________ 1970.

Signed and Sealed in the
Presence of:

Frank ? McClellan

Little Rock, Ark
(Address)

THE DOWNTOWNER CORPORATION (DOWNTOWNER)

BY William G Boone, Jr
Vice Pres.
Assignee

CORPORATE CERTIFICATE

I, Carl H. Langschmidt certify that I am the Assistant Secretary of the corporation named as assignee herein; that William G. Boone, Jr. who signed this Supplemental Agreement on behalf of the assignee was then Vice President of said corporation; that said Supplemental Agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

Carl H. Langschmidt

#2

SUPPLEMENTAL AGREEMENT NO. 2
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE, ARKANSAS

THIS SUPPLEMENTAL AGREEMENT NO. 2, made between the Secretary of the Army, of the first part, and The Downtowner Corporation (DOWNTOWNER) and The First Pyramid Life Insurance Company of America, of the second part, WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease, identified as Lease No. DACW03-1-70-886 and hereinafter referred to as the original lease, with The First Pyramid Life Insurance Company of America, for a period of eighteen (18) years and ten (10) months beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock Lease Site for commercial purposes; and

WHEREAS, by Supplemental Agreement No. 1, effective 1 January 1971, the lease was transferred to The Downtowner Corporation (DOWNTOWNER); and

WHEREAS, the parties of the second part have requested that the lease be transferred back to The First Pyramid Life Insurance Company of America; and

WHEREAS, transferring the lease as requested will not be detrimental to the interests of the United States,

-1-15

Supplemental Agreement No. 2
to Lease No. DACW03-1-70-886

NOW, THEREFORE, it is mutually agreed by the parties hereto that the said original lease, as amended, is hereby further amended in the following respect and in this respect only, all other terms and conditions thereof remaining in full force and effect:

The name "The Downtowner Corporation (DOWNTOWNER)" is deleted and the name "The First Pyramid Life Insurance Company of America" is substituted therefor.

IT IS UNDERSTOOD AND AGREED that the effective date of this Supplemental Agreement No. 2 is the 23d day of April 1973.

IT IS FURTHER UNDERSTOOD AND AGREED that the aforesaid The First Pyramid Life Insurance Company of America, assignee hereunder, accepts all the terms and conditions of the original lease and assumes all responsibilities thereunder as of the effective date of assignment.

IN WITNESS WHEREOF, I have hereunto set my hand by authority of the Secretary of the Army this 30th day of August 1973.

T. A. RALEY
Chief, Real Estate Division

THIS SUPPLEMENTAL AGREEMENT NO. 2 is also executed by the assignor this 31st day of July 1973.

Signed and sealed in the presence of:

THE DOWNTOWNER CORPORATION (DOWNTOWNER)

BY: Ivan Keifer,

Pres.
(Title)

Supplemental Agreement No. 2
to Lease No. DACW03-1-70-886

THIS SUPPLEMENTAL AGREEMENT is also executed by the assignee this 10th day of July 1973.

Signed and sealed in the presence of:

Richard Robertson

Shirley Leppard

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA

BY: Frank E. McGehee

Sr. Vice President & Secretary
(Title)

CORPORATE CERTIFICATE

I, Richard Robertson, certify that I am the Asst. Secretary of the corporation named as assignee herein; that Frank E. McGehee who signed this supplemental agreement on behalf of the assignee was then Sr. Vice Pres. & Sec. of said corporation; that said supplemental agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

Richard Robertson

Assistant Secretary
(Title)

Supplemental Agreement No. 2
to Lease No. DACW03-1-70-886

CORPORATE CERTIFICATE

I, William H. Boone Jr., certify that I am the Secretary of the corporation named as assignor herein; that Ivan Perkins who signed this supplemental agreement on behalf of the lessee was then President of said corporation; that said supplemental agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

William H. Boone Jr.

Secretary
(Title)

#3

SUPPLEMENTAL AGREEMENT NO. 3
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE, ARKANSAS

THIS SUPPLEMENTAL AGREEMENT NO. 3, made between the Secretary of the Army, of the first part, and The First Pyramid Life Insurance Company of America, Inc., of the second part, WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease, identified as Lease No. DACW03-1-70-886 and hereinafter referred to as the original lease, with The First Pyramid Life Insurance Company of America, Inc., for a period of eighteen (18) years and ten (10) months beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock Lease Site for commercial purposes; and

WHEREAS, by Supplemental Agreement No. 1, effective 1 January 1971, the lease was transferred to the Downtowner Corporation (DOWNTOWNER); and

WHEREAS, by Supplemental Agreement No. 2, effective 23 April 1973, the lease was transferred back to The First Pyramid Life Insurance Company of America, Inc.; and

WHEREAS, the parties of the second part have requested the original lease be extended to 31 December 1994 to allow time to amortize the costs of new facilities and improvements, and

WHEREAS, extending the term of the original lease will not be detrimental to the interests of the United States.

NOW, THEREFORE, the aforesaid original lease is amended in the following respect, and in this respect only. All other terms and conditions thereof remain in full force and effect:

Extends to 12-31-94

The termination date of 31 October 1988 shown in Condition 1 is deleted and the date of 31 December 1994 is substituted therefor.

IT IS UNDERSTOOD AND AGREED that the effective date of this supplemental agreement is the 1st day of December 1977.

IN WITNESS WHEREOF I have hereunto set my hand by authority of the Secretary of the Army this 5th day of December 1977.

CHARLES E. BURCHAM
Chief, Real Estate Division

THIS LEASE is also executed by the lessee this first day of December 1977.

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA, INC.

ATTEST:

Vice President & Secretary

By:

P. O. Box 2941
(Post Office Address)

Little Rock, AR 72203

CORPORATE CERTIFICATE

I, Bess Hester, certify that I am the secretary of the corporation named herein; that Roy E. Harris who signed this lease on behalf of the corporation was then Executive Vice President of the corporation; that said lease was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

(CORPORATE SEAL)

Bess Hester

Vice President & Secretary
(Title)

#4

SUPPLEMENTAL AGREEMENT NO. 4
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE

THIS SUPPLEMENTAL AGREEMENT NO. 4, made between the Secretary of the Army, of the first part, and The First Pyramid Life Insurance Company of America, Inc of the second part, WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease, identified as Lease No. DACW03-1-70-886 and hereinafter referred to as the original lease, with The First Pyramid Life Insurance Company of America, Inc for a period of eighteen (18) years and ten (10) months beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock lease site for commercial purposes; and

WHEREAS, by Supplemental Agreement No. 1, effective 1 January 1971, the lease was transferred to the Downtowner Corporation (DOWNTOWNER); and

WHEREAS, by Supplemental Agreement No. 2, effective 23 April 1973, the lease was transferred back to The First Pyramid Life Insurance Company of America, Inc; and

WHEREAS, by Supplemental Agreement No. 3, effective 1 December 1977, the term of the lease was extended until 31 December 1994; and

WHEREAS, the parties hereto desire to amend the lease to provide for the installation and operation of a marine sanitary station within the leased premises; and

SUPPLEMENTAL AGREEMENT NO. 4
TO LEASE NO. DACW03-1-70-886

WHEREAS, the installation and operation of a marine sanitary station will not be detrimental to the interests of the United States,

NOW, THEREFORE, the parties hereto mutually agree that the lease is hereby further amended in the following respects and in these respects only, all other terms and conditions remaining in full force and effect:

1. A marine sanitary station will be installed within the leased area, maintained, and serviced at the expense of the Government.

2. Electricity for the operation of the marine sanitary station will be furnished by the lessee at no cost to the Government.

3. The marine sanitary station will be available for the general use of the public without charge.

IT IS UNDERSTOOD AND AGREED that the effective date of this supplemental agreement is the 15th day of July 1978.

IN WITNESS WHEREOF I have hereunto set my hand by authority of the Secretary of the Army this 3rd day of August 1978.

CHARLES E. BURCHAM
Chief, Real Estate Division

THIS LEASE is also executed by the lessee this 14th day of July 1978.

ATTEST:

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA, INC.

By:

221 W. 2nd St., Little Rock, Ark. 72207
(Address)

CORPORATE CERTIFICATE

I, Bess Hester, certify that I am the secretary of the corporation named herein; that Herbert L. Thomas, Jr. who signed this supplemental agreement on behalf of the corporation was then President of the corporation; that said supplemental agreement was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

(CORPORATE SEAL)

Bess Hester

Corporate Secretary
(Title)

#5

SUPPLEMENTAL AGREEMENT NO. 5
TO
LEASE NO. DACW03-1- 70-886
GREERS FERRY LAKE

Lease No. DACW03-1- 70-886 for the Eden Isle Boat Dock lease site, Greers Ferry Lake, as amended by Supplemental Agreement(s) No(s). 1 thru 4 is hereby further amended in the following respects, and in these respects only, all other terms and conditions remaining the same:

1. For the period 1 October 1980 through 31 December 1981 a rental credit will be accomplished by reducing the amount on line 8 (Balance Due) of lease Exhibit "C" by 3.5 cents per gallon of gasoline sold during the rental period. However, no reduction will be made below the Fixed Minimum Rental as set out in Condition 2 of the lease. This rental credit is revokable at will by the District Engineer at any time within the period set out above.

2. The attached lease Exhibit "D", revised 1 October 1980, will be substituted for the one in the lease for the period 1 October 1980 through 31 December 1981 or until the rental credit is revoked.

The effective date of this supplemental agreement is 1 October 1980.

IN WITNESS WHEREOF, I have hereunto set my hand by authority of the Secretary of the Army this 8 day of October 1980.

CHARLES E. BURCHAM
Chief, Real Estate Division

THIS SUPPLEMENTAL AGREEMENT NO. 5 is executed by the lessee this 23rd day of September 1980.

ATTEST:

Vice President & Secretary

FIRST PYRAMID LIFE INSURANCE CO.

BY: 
Division Vice President-Finance

CORPORATE CERTIFICATE

I, Bess Hester, certify that I am the Vice President & Secre[tary] of the corporation named herein; that Gerald Vaden who signed this supplemental agreement on behalf of the corporation was then Division Vice President-Finance of the corporation; that said supplemental agreement was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

Bess Hester

Vice President & Secretary
(Title)

#1

DEPARTMENT OF THE ARMY
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
POST OFFICE BOX 867
LITTLE ROCK, ARKANSAS 72203

REPLY TO
ATTENTION OF

SWLRE-M

12 December 1980

First Pyramid Life Insurance Co.
ATTN: Accounting Department
Pyramid Life Building
P.O. Box 2941
Little Rock, Arkansas 72203

Gentlemen:

Inclosed for your retention is a fully executed copy of Supplemental Agreement No. 6 to Lease No. DACW03-1-70-886, Greers Ferry Lake, designed to increase the lease area for expansion purposes.

Sincerely,

CHARLES E. BURCHAM
Chief, Real Estate Division

1 Incl
As stated

SUPPLEMENTAL AGREEMENT NO. 6
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE

THIS SUPPLEMENTAL AGREEMENT NO. 6, made between the Secretary of the Army, of the first part, and The First Pyramid Life Insurance Company of America, of the second part, WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease, identified as Lease No. DACW03-1-70-886 and hereinafter referred to as the lease, with The First Pyramid Life Insurance Company of America, for a period of eighteen (18) years and ten (10) months beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock lease site for commercial concession purposes; and

WHEREAS, by Supplemental Agreement No. 1, effective 1 January 1971, the lease was transferred to the Downtowner Corporation (DOWNTOWNER); and

WHEREAS, by Supplemental Agreement No. 2, effective 23 April 1973, the lease was transferred back to The First Pyramid Life Insurance Company of America; and

WHEREAS, by Supplemental Agreement No. 3, effective 1 December 1977, the term of the lease was extended until 31 December 1994; and

WHEREAS, by Supplemental Agreement No. 4, effective 15 July 1978, the lease was amended to provide for the installation and operation of a marine sanitary station in the lease area; and

WHEREAS, by Supplemental Agreement No. 5, effective 1 October 1980, the lease was amended to provide for rental credit of 3.5 cents per gallon of gasoline sold and Exhibit "D" was revised; and

SUPPLEMENTAL AGREEMENT NO. 6
to Lease No. DACW03-1-70-886
Greers Ferry Lake

WHEREAS, the parties hereto desire an increase in the lease area for expansion purposes; and

WHEREAS, expanding the lease area as requested will not be detrimental to the interests of the United States,

NOW, THEREFORE, the aforesaid lease is further amended in the following respects and in these respects only, all other terms and conditions remaining in full force and effect:

1. The description of the lease premises in the granting clause is deleted and the following description is substituted therefore Two parcels of land and water area situated in the E½ of Fractional Section 18, Township 10 North, Range 10 West of the 5th Principal Meridian, Cleburne County, Arkansas, and containing 61.3 acres, more or less, of which 18.6 acres lie above elevation 461' mean sea level.

2. Exhibit "A", revised November 1966, is deleted and the attached Exhibit "A", revised November 1980, is substituted therefor.

IT IS UNDERSTOOD AND AGREED that the effective date of this Supplemental Agreement No. 6 is the 20th day of November, 1980.

IN WITNESS WHEREOF, I have hereunto set my hand by authority of the Secretary of the Army this 10th day of December, 1980.

CHARLES E. BURCHAM
Chief, Real Estate Division

THIS SUPPLEMENTAL AGREEMENT NO. 6 is also executed by the lessee this 2nd day of December, 1980.

ATTEST:

Corporate Secretary

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA, INC.

By:
Gerald Vaden, Div. V. P.-Finance
650 Shackleford Road
P. O. Box (Address)
Little Rock, AR 72203

CORPORATE CERTIFICATE

I, Bess Hester, certify that I am the Corporate secretary of the corporation named herein; that Gerald Vaden, who signed this supplemental agreement on behalf of the corporation was then Div. V. P. - Finance of the corporation; that said supplemental agreement was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

(CORPORATE SEAL)

Bess Hester

Corporate Secretary
(Title)

SUPPLEMENTAL AGREEMENT NO. 7
TO
LEASE NO. DACW03-1-70-886
GREERS FERRY LAKE, ARKANSAS

THIS SUPPLEMENTAL AGREEMENT NO. 7, made between the Secretary of the Army, of the first part, and The First Pyramid Life Insurance Company of America, Inc., and Eden Isle Enterprises, Inc., of the second part, WITNESSETH THAT:

WHEREAS, the Secretary of the Army entered into a lease, identified as Lease No. DACW03-1-70-886, with The First Pyramid Life Insurance Company of America, Inc. for a period of eighteen (18) years and ten (10) months beginning 1 January 1970, covering premises designated as the Eden Isle Boat Dock lease site for commercial concession purposes; and

WHEREAS, by Supplemental Agreement No. 1, effective 1 January 1971, the lease was transferred to the Downtowner Corporation (DOWNTOWNER); and

WHEREAS, by Supplemental Agreement No. 2, effective 23 April 1973, the lease was transferred to The First Pyramid Life Insurance Company of America, Inc; and

WHEREAS, by Supplemental Agreement No. 3, effective 1 December 1977, the term of the lease was extended to 31 December 1994; and

WHEREAS, by Supplemental Agreement No. 4, effective 15 July 1978, the lease was amended to provide for the installation and operation of a marine sanitary station in the lease area; and

WHEREAS, by Supplemental Agreement No. 5, effective 1 October 1980, the lease was amended to provide for rental credit of 3.5 cents per gallon of gasoline sold and Exhibit "D" was revised; and

Supplemental Agreement No. 7 to
Lease No. DACW03-1-70-886

WHEREAS, by Supplemental Agreement No. 6, effective 20 November 1980, additional lands were added to the leased area; and

WHEREAS, the parties of the second part have requested that the lease be transferred to Eden Isle Enterprises, Inc.; and

WHEREAS, transferring the lease as requested will not be incompatible with the public interest and will not substantially injure the interests of the United States in the property affected thereby,

NOW, THEREFORE, it is mutually agreed by the parties hereto that the said lease, as amended, is hereby further amended in the following respect and in this respect only, all other terms and conditions thereof remaining in full force and effect:

> The name "The First Pyramid Life Insurance Company of America" is deleted and the name "Eden Isle Enterprises, Inc." is substituted therefor.

IT IS UNDERSTOOD AND AGREED that the effective date of this Supplemental Agreement No. 7 is the 31st day of December 1980.

IT IS FURTHER UNDERSTOOD AND AGREED that the aforesaid Eden Isle Enterprises, Inc., assignee hereunder, accepts all the terms and conditions of the lease and will assume all responsibility thereunder as of the effective date of assignment.

IN WITNESS WHEREOF, I have hereunto set my hand by authority of the Secretary of the Army this 3rd day of April, 1981.

CHARLES E. BURCHAM
Chief, Real Estate Division

THIS SUPPLEMENTAL AGREEMENT NO. 7 is also executed by the assignor and the assignee this 12th day of March, 1981.

ATTEST:

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA (Assignor)

BY:

Supplemental Agreement No. 7 to
Lease No. DACW03-1-70-886

CORPORATE CERTIFICATE

I, Bess Hester, certify that I am the Secretary of the corporation named as lessee herein; that Gerald Vaden, who signed this supplemental agreement on behalf of the corporation was then Division Vice President - Finance of said corporation; that said supplemental agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

THE FIRST PYRAMID LIFE INSURANCE COMPANY OF AMERICA

BY: Bess Hester

TITLE: Secretary

ATTEST:

Treasurer

EDEN ISLE ENTERPRISES, INC. (Assignee)

BY: James P. Briggs

ITS: President

CORPORATE CERTIFICATE

I, Lula Ann Smith, certify that I am the Secretary of the corporation named as lessee herein; that James P. Briggs, who signed this supplemental agreement on behalf of the corporation was then President of said corporation; that said supplemental agreement was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

EDEN ISLE ENTERPRISES, INC.

BY: Lula Ann Smith

TITLE: Secretary