IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDEN ISLE MARINA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-127 C |
| | ) | (Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits.

3. The allegations contained in paragraph 3 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 of the complaint constitute plaintiff's characterization of its case and prayer for relief to which no response is required ast this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it is liable to the Plaintiff in any amount.

5. Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Defendant admits the allegations in paragraph 10 of the complaint to the extent supported by the lease and supplemental attachments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Defendant admits the allegations in paragraph 11 of the complaint to the extent supported by the lease and supplemental attachments which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Defendant admits the allegations in paragraph 12 of the complaint to the extent supported by the lease document cited which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Defendant admits the allegations in paragraph 13 of the complaint to the extent supported by the lease document cited which is the best evidence of its contents. Defendant specifically denies that the 1995 lease entitled plaintiff to develop any portion of the leasehold without first obtaining the written approval of the District Engineer for the Little Rock District.

14. Defendant denies that plaintiff paid any amount of money directly to the Army Corps of Engineers to lease the Eden Isle Marina concession. Defendant otherwise lacks information sufficient to form a belief as to the remaining allegations in paragraph 14 of the complaint, except that defendant specifically denies that the 1995 lease entitled Plaintiff to develop any portion of the leasehold without first obtaining the written approval of the Little Rock District's District Engineer.

15. The Defendant admits that the Plaintiff stated an intent to develop the shoreline within the leasehold, as alleged in paragraph 15 of the Plaintiff's Complaint, but specifically avers that the Defendant warned the Plaintiff that there would be significant issues to be

addressed in considering any request for additional shoreline development, and there were competing interests opposing additional shoreline development.

16. The first sentence of paragraph 16 constitutes plaintiff's characterization of the requirements of the Corps of Engineers regulations and guidelines to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 16. Defendant specifically avers that during Plaintiff's communications with the Defendant, the Plaintiff was advised that there would be significant issues to be addressed in considering any request for additional shoreline development, and there were competing interests opposing additional shoreline development.

17. The allegations contained in paragraph 17 are vague and ambiguous, and therefore defendant lacks information sufficient to form a belief as to the truth of the allegations. Defendant further specifically avers that during Plaintiff's communications with the Defendant, the Plaintiff was advised that there would be significant issues to be addressed in considering any request for additional shoreline development, and there were competing interests opposing additional shoreline development.

18. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 18 of the complaint. Specifically, defendant lacks information regarding plaintiff's use of the terms "substantial improvement" and "state-of-the-art marina." Defendant specifically avers that during Plaintiff's communications with the Defendant, the Plaintiff was advised that there would be significant issues to be addressed in considering any request for additional shoreline development, and there were competing interests opposing additional shoreline

development.

19. Defendant admits that the Plaintiff was advised regarding the process for requesting approval for further expansion within the leasehold, as alleged in paragraph nineteen of the Plaintiff's Complaint, but denies that the Plaintiff could have any reasonable expectation or entitlement to an expansion for maximum economic exploitation. Defendant specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development and that there were competing interests in opposition to additional shoreline development.

20. The allegations contained in paragraph 20 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development and that there were competing interests in opposition to additional shoreline development.

21. Defendant admits the allegations of paragraph 21 of the complaint to the extent they are supported by the COE policies and lease documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 22 of the Plaintiff's Complaint. Defendant specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development and that there were competing interests in opposition to additional shoreline development.

23. Defendant denies the allegations in paragraph 23 of the complaint. Defendant

specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development and that there were competing interests in opposition to additional shoreline development.

24. Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint. Defendant specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development and that there were competing interests in opposition to additional shoreline development.

25. The allegations contained in paragraph 25 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied.

26. Admits.

27. The allegations contained in paragraph 27 of the complaint are vague and ambiguous, and therefore, defendant lacks information sufficient to form a belief as to the allegations.

28. The allegations contained in paragraph 28 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further avers that it is obligated to consider the public's interests in evaluating the requests of concessionaires for expansion of facilities within concessionaire leaseholds, and that in evaluating such requests the District Engineer performs a discretionary function.

29. Defendant admits the that plaintiff's development of the leasehold was subject to

prior approval by the District Engineer. The remainder of the allegations in paragraph 29 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied.

31. The allegation contained in paragraph 31 constitutes plaintiff's legal conclusion to which no response is required at this time; to the extent it may be deemed an allegation of fact, it is denied.

32. The allegation contained in paragraph 32 constitutes plaintiff's legal conclusion to which no response is required at this time; to the extent it may be deemed an allegation of fact, it is denied.

33. The allegation contained in paragraph 33 constitutes plaintiff's legal conclusion to which no response is required at this time; to the extent it may be deemed an allegation of fact, it is denied.

34. Defendant lacks information sufficient to form a belief as to the allegation in the first clause of paragraph 34. Defendant denies all remaining allegations in paragraph 34.

35. The allegations contained in the first sentence of paragraph 35 constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, it is denied. Defendant admits the allegation in the second sentence of paragraph 35. Defendant specifically avers that the Plaintiff was advised there would be significant issues in consideration of any request for additional shoreline development

and that there were competing interests in opposition to additional shoreline development.

36. Admits. Defendant further avers that it is obligated to consider the public's interests in evaluating the requests of concessionaires for expansion of facilities within concessionaire leaseholds, and that in evaluating such requests the District Engineer performs a discretionary function.

37. The term "various Eden Isle property owners" is vague and ambiguous and defendant therefore lacks information to sufficient to form a belief as to that portion of the allegation contained in paragraph 37. Defendant admits that it met with the Eden Isle Property Owners Association ("EIPOA") at plaintiff's request, on April 18, 1996, to discuss plaintiff's development proposals. The Defendant further admits that it again met with the EIPOA on May 15, 1996, also in the presence of plaintiff. Defendant denies the remaining allegations contained in paragraph 37 of the complaint.

38. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 38 of the complaint. Defendant specifically denies that it improperly interfered in any way with plaintiff's contractual rights.

39. The Defendant denies the allegation in paragraph 39 of the Complaint.

40. The Defendant denies the allegation in paragraph 40 of the Complaint.

41. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 41of the complaint.

42. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 42 of the complaint.

43. Defendant lacks information sufficient to form a belief as to the allegations in

paragraph 43 of the complaint.

44. Defendant admits the allegations in paragraph 44 of the complaint to the extent supported by the documents cited which are the best evidence of their contents, otherwise denies the allegations contained in paragraph 44 of the complaint.

45. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 45 of the complaint.

46. Defendant admits the allegations in the first two sentences of paragraph 46 of the complaint. Defendant further avers that it is obligated to consider the public's interests in evaluating the requests of concessionaires for expansion of facilities within concessionaire leaseholds, and that in evaluating such requests the District Engineer performs a discretionary function. Defendant denies the allegations in the third sentence of paragraph 46. Defendant avers that it directed plaintiff to cease work on all additional boat slips while plaintiff's "ten year development plan" was being evaluated.

47. Defendant admits that additional slips were approved in the southern portion of plaintiff's leasehold, but specifically denies that there were no "protests" prior to approval of additional slips in the southern portion of the leasehold. Defendant denies the remaining allegations contained in paragraph 47 of the complaint. Defendant further avers that it is obligated to consider the public's interests in evaluating the requests of concessionaires for expansion of facilities within concessionaire leaseholds, and that in evaluating such requests the District Engineer performs a discretionary function.

48. Defendant admits the allegations in the first sentence of paragraph 48 of the complaint, except denies that its position on plaintiff's proposed marina expansion was based

solely on the public protests against the expansion. Defendant further avers that it is obligated to consider the public's interests in evaluating the requests of concessionaires for expansion of facilities within concessionaire leaseholds, and that in evaluating such requests the District Engineer performs a discretionary function. Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 48 of the complaint.

49. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 49 of the complaint.

50. Defendant admits the allegations in paragraph 50 of the complaint to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies the allegations.

51. Defendant admits the allegations in paragraph 51 of the complaint to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies the allegations.

52. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 52 of the complaint.

53. Defendant admits that in late 1996, Mr. Martin Lancaster, Assistant Secretary of the Army for Civil Works, (ASA-CW) attended a fund-raiser reception at the Red Apple Inn for then congressional candidate Marion Berry, which was also attended by members of the Eden Isle Property Owners Association. Defendant lacks information sufficient to form a belief as to the remaining allegation in paragraph 53 of the complaint.

54. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 54 of the complaint.

55. Defendant admits the allegations in paragraph 55 to the extent supported by the document cited which is the best evidence of its contents; otherwise denies the allegations in paragraph 55 of the complaint.

56. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 56 of the complaint.

57. Admits.

58. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 58 of the complaint.

59. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 59 of the complaint.

60. Denies.

61. Denies.

62. Defendant denies the allegations in paragraph 62 of the complaint. Defendant specifically avers that the Plaintiff conducted a public meeting with the residents of the Eden Isle community for the purpose of explaining plaintiff's plans to double the size of the marina. Defendant further avers that residents of the Eden Isle community have maintained their opposition to further expansion of the marina from the time it was proposed and publicized by the Plaintiff, but denies that this was the result of any improper conduct by the defendant.

63. Defendant admits the allegations in paragraph 63 to the extent supported by the Memorandum of Understanding signed by the parties on February 2, 1999, which is the best evidence of its contents; otherwise denies the allegations in paragraph 63 of the complaint. Defendant further avers that the Memorandum of Understanding is the document that resolved

plaintiff's August 17, 1998 request for additional boat slips.

64. Denies. Defendant further specifically avers that when considering concessionaire requests for the expansion of facilities, a discretionary function, it must address all valid concerns, including objections by the public.

65. Denies. Defendant further specifically avers that when considering concessionaire requests for the expansion of facilities, a discretionary function, it must address all valid concerns, including objections by the public.

66. Denies. Defendant further specifically avers that plaintiff was advised in correspondence dated June 3, 1996 that if an acceptable alternative to the proposed expansion of facilities in the northern area of the leasehold could not be found, that area would be deleted from the leasehold upon its expiration.

67. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 67 of the complaint. Defendant further specifically avers that it did not propose to first allow development within the northern area of the leasehold and then delete that area from the leasehold upon its expiration.

68. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 68 of the complaint.

69. Defendant admits that it acknowledged the validity of the 1995 lease. Defendant lacks information to admit or deny the remaining allegations contained in paragraph 69 of the complaint and therefore denies the allegations.

70. Denies.

71. Denies.

72. Denies.

73. The allegations in paragraph 73 of the complaint constitute plaintiff's characterization of this case to which no response is required; to the extent they may be deemed allegations fact they are denied. Defendant specifically denies that the Corps had surveyed the marina's leasehold to verify the placement of docks within the leasehold before the Plaintiff purchased the marina.

74. Defendant admits the allegations regarding the terms of the Memorandum of Understanding to the extent supported by that document which is the best evidence of its contents; otherwise denies the allegations.

75. Defendant admits the allegations in paragraph 75 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Defendant further specifically avers that it agreed to provide an access road and additional infrastructure for the Cove Creek marina only if funds became available for that purpose.

76. Denies.

77. Denies.

78. Denies.

79. Defendant admits the allegation in paragraph 79 of the complaint to the extent it is supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

80. Admits.

81. Admits.

82. Defendant admits that on January 27, 1999 it met with representatives of Eden Isle property owners. Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 82 of the complaint, and therefore denies.

83. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 83 of the complaint.

84. Defendant admits the allegations in paragraph 84 of the complaint to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

85. Defendant admits the allegation in paragraph 85 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

86. Denies. Defendant further specifically avers that the plaintiff was represented by two attorneys in negotiating and signing the MOU and the Eden Isle/Cove Creek Modification.

87. Defendant admits the allegations in paragraph 87 of the complaint to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

88. The allegations in paragraph 88 of the complaint constitute plaintiff's legal conclusion to which no response is required at this time. To the extent they may be deemed statements of fact, they are denied.

89. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 89 of the complaint.

90. Defendant admits that Plaintiff communicated with it regarding the construction of an access road. Defendant lacks information sufficient to form a belief as to the remaining

allegations in paragraph 90 of the complaint. Defendant specifically denies that it had any responsibility to construct a road except in accordance with the signed agreement with plaintiff.

91. Defendant denies that it refused to build the access road. Defendant admits the remaining allegations in paragraph 91 of the complaint.

92. Denies.

93. Denies.

94. Defendant denies the allegations in paragraph 94 of the complaint, and specifically denies that it made any misrepresentation to the Plaintiff.

95. Denies.

96. Denies.

97. The allegations in paragraph 97 of the complaint constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied.

98. The allegation in paragraph 98 of the complaint constitutes plaintiff's legal conclusion to which no response is required at this time; to the extent it may be deemed an allegation of fact, it is denied.

99. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 99. Defendant specifically denies that it has not acted in good faith in its relationship with plaintiff.

100. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 100.

101. Defendant lacks information sufficient to form a belief as to the allegations in

paragraph 101.

102. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 102.

103. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 103 of the complaint.

104. Denies.

105. The allegations in paragraph 105, including sub-paragraph A through and including sub-paragraph TT, constitute plaintiff's legal conclusions to which no response is required as this time; to the extent any of these allegations may be deemed allegations of fact, they are denied. Defendant specifically denies misrepresenting information to plaintiff or concealing information from plaintiff, and further denies that Plaintiff was unaware of information relevant to its complaint until 2005.

106. Denies.

107. Denies.

108. Denies.

109. Denies.

110. Denies. Defendant further specifically avers that plaintiff affirmatively represented to defendant that it could obtain Congressional Add funding for the Eden Isle/Cove Creek project.

111. The allegation in paragraph 111 is vague and ambiguous, and as drafted, appears to constitute plaintiff's legal conclusion to which no response is required at this time; to the extent it may be deemed an allegation of fact, it is denied. Defendant further specifically avers

that it has, at all times, acted in good faith and fair dealing with the plaintiff.

112. The allegations contained in paragraph 112 of the complaint constitute plaintiff's conclusion of law to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with plaintiff.

113. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 113 of the complaint.

114. Defendant lacks information sufficient to form a belief as to the allegation in the first sentence of paragraph 114 of the complaint. Defendant denies the remaining allegations in paragraph 114 of the complaint.

115. Denies.

116. Defendant admits that the Plaintiff caused an Environmental Assessment to be prepared. Defendant denies all remaining allegations in paragraph 116 of the complaint.

117. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-116.

118. The allegations in paragraph 118 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

119. The allegations in paragraph 119 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at

all times, acted in good faith and fair dealing with the plaintiff.

120. The allegations in paragraph 120 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

121. The allegations in paragraph 121 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

122. The allegations in paragraph 122 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

123. The allegations in paragraph 123 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

124. The allegations in paragraph 124 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

125. The allegations in paragraph 125 are vague and ambiguous, and constitute

plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

126. The allegations in paragraph 126 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

127. The allegations in paragraph 127 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

128. The allegations in paragraph 128 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

129. The allegations in paragraph 129 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

130. The allegations in paragraph 130 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at

all times, acted in good faith and fair dealing with the plaintiff.

131. The allegations in paragraph 131 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

132. The allegations in paragraph 132 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

133. The allegations contained in paragraph 133 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

134. The allegations contained in paragraph 134 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

135. The allegations contained in paragraph 135 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

136. The allegations contained in paragraph 136 are vague and ambiguous, and

constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

137. The allegations contained in paragraph 137 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically denies that it subjected plaintiff to duress.

138. The allegations contained in paragraph 138 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically denies that it subjected plaintiff to duress.

139. The allegations contained in paragraph 139 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically denies that it subjected plaintiff to duress.

140. The allegations contained in paragraph 140 are vague and ambiguous, and constitute plaintiff's prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically denies that it subjected plaintiff to duress.

141. The allegations in paragraph 141 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at

all times, acted in good faith and fair dealing with the plaintiff.

142. The allegations in paragraph 142 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

143. The allegations in paragraph 143 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

144. The allegations in paragraph 144 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

145. The allegations in paragraph 145 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

146. The allegations in paragraph 146 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

147. The allegations in paragraph 147 are vague and ambiguous, and constitute

plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

148. The allegations in paragraph 148 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

149. The allegations in paragraph 149 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

150. The allegations in paragraph 150 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant further specifically avers that it has, at all times, acted in good faith and fair dealing with the plaintiff.

151. The allegations contained in paragraph 151 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

152. The allegations contained in paragraph 152 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is

entitled to the relief claimed or to any relief whatsoever.

153. The allegations contained in paragraph 153 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

154. The allegations contained in paragraph 154 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

155. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-154.

156. The allegations contained in paragraph 156 constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it failed or refused to perform its obligations under the contract.

157. The allegations contained in paragraph 157 constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it failed or refused to perform its obligations under the contract.

158. The allegations contained in paragraph 158 constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it failed or refused to perform its

obligations under the contract.

159. The allegations contained in paragraph 159 constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it failed or refused to perform its obligations under the contract.

160. The allegations contained in paragraph 160 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

161. The allegations contained in paragraph 161 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

162. The allegations contained in paragraph 162 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

163. The allegations contained in paragraph 163 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

164. The allegations contained in paragraph 164 are vague and ambiguous, and

constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

165. The allegations contained in paragraph 165 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it either repudiated the contract, or committed any other breach of contract.

166. The allegations contained in paragraph 166 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

167. The allegations contained in paragraph 167 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

168. The allegations contained in paragraph 168 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

169. The allegations contained in paragraph 169 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it

withheld information or otherwise committed any breach of contract.

170. The allegations contained in paragraph 170 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

171. The allegations contained in paragraphs 171 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

172. The allegations contained in paragraph 172 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

173. The allegations contained in paragraphs 173 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

174. The allegations contained in paragraph 174 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it withheld information or otherwise committed any breach of contract.

175. The allegations contained in paragraph 175 are vague and ambiguous, and

constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

176. The allegations contained in paragraph 176 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

177. The allegations contained in paragraph 177 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

178. The allegations contained in paragraph 178 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

179. The allegations contained in paragraph 179 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

180. The allegations contained in paragraph 180 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it

committed any breach of contract.

181. The allegations contained in paragraph 181 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

182. The allegations contained in paragraph 182 are vague and ambiguous, and constitute plaintiff's legal conclusion to which no response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed any breach of contract.

183. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-182.

184. The allegations contained in paragraph 184 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

185. The allegations contained in paragraph 185 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

186. The allegations contained in paragraph 186 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it

committed a taking of any property interest held by plaintiff.

187. The allegations contained in paragraph 187 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

188. The allegations contained in paragraph 188 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

189. The allegations contained in paragraph 189 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

190. The allegations contained in paragraphs 190 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

191. The allegations contained in paragraph 191 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

192. The allegations contained in paragraph 192 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

193. The allegations contained in paragraph 193 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

194. The allegations contained in paragraph 194 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

195. The allegations contained in paragraph 195 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

196. The allegations contained in paragraph 196 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

197. The allegations contained in paragraph 197 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent

they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

198. The allegations contained in paragraphs 198 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

199. The allegations contained in paragraph 199 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

200. The allegations contained in paragraph 200 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

201. The allegations contained in paragraph 201 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

202. The allegations contained in paragraph 202 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

203. The allegations contained in paragraph 203 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

204. The allegations contained in paragraphs 204 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

205. The allegations contained in paragraph 205 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

206. The allegations contained in paragraphs 206 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

207. The allegations contained in paragraphs 207 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

208. The allegations contained in paragraph 208 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent

they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

209. The allegations contained in paragraphs 209 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

210. The allegations contained in paragraph 210 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

211. The allegations contained in paragraph 211 are vague and ambiguous, and constitute plaintiff's legal conclusion to which response is required at this time, to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it committed a taking of any property interest held by plaintiff.

212. The allegation in paragraph 212 constitutes plaintiff's prayer for a jury trial. Defendant denies that the Plaintiff is entitled to a jury trial under applicable law.

213. Defendant denies that plaintiff is entitled to the relief requested in paragraphs A through J or to any relief whatsoever.

214. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the amended complaint, and that defendant be granted such other and further relief as the Court may deem just

and proper.

AFFIRMATIVE DEFENSES

215. Plaintiff's claims are barred by the doctrine of accord and satisfaction insofar as the 1999 contract lease replaced the earlier 1995 lease. The parties executed a release of the 1995 lease on April 22, 1999, and are now bound by the terms of the new contract/lease, which was signed in 1999.

216. Plaintiff's claims are barred by the applicable statute of limitations. There is a 6-year statute of limitations for government contracts and this lease was signed by the Parties in April 22, 1999.

217. Plaintiff assumed the risk that the Cove Creek Marina would be delayed or never built.

218. Plaintiff's claims are barred by the Anti-Deficiency Act, 31 U.S.C. § 1351.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

June 21, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of June, 2007, the foregoing "ANSWER", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

__/s/ Joan M. Stentiford___

JOAN M. STENTIFORD