IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDEN ISLE MARINA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-127C |
| v. | ) | Judge Damich |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Come the Plaintiff, Eden Isle Marina, Inc., and the Defendant, the United States of America, by and through their respective attorneys, and for their Joint Preliminary Status Report pursuant to Rule 16 and § 3 of Appendix A of the Rules of the United States Court of Federal Claims, respectfully state:

**A. Does The Court Have Jurisdiction Over The Action?**

Plaintiff's Response: Yes, pursuant to 28 U.S.C. § 1491. In rebuttal to Defendant's Response below, Plaintiff submits that (1) the statute of limitations is not a jurisdictional issue, and (2) in any event the statute of limitations set forth at 41 U.S.C. § 605 does not bar Plaintiff's claims in this case.

Defendant's Response: The United States states that the Court lacks jurisdiction based on Plaintiff's failure to file its action within the applicable six-year statute of limitations. 41 U.S.C. § 605.

**B. Should The Case Be Consolidated With Any Other Case And, If So, Why?**

Joint Response: No. The parties agree that this case should not be consolidated with any other case.

**C. <u>Should Trial Liability And Damages Be Bifurcated And, If So, Why</u>?**

<u>Joint Response</u>: No. The parties do not believe that the trial should be bifurcated into liability and damages. Plaintiff affirmatively states that facts relating to both of these issues are intertwined with one another, and that bifurcation of liability and damages would not serve the interests of judicial economy as it would result in the introduction of duplicative evidence and lengthen the proceedings.

**D. <u>Should Further Proceedings In The Case Be Deferred Pending Consideration Of Another Case Before This Court Or Any Other Tribunal And, If So, Why</u>?**

<u>Joint Response</u>: No. The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**E. <u>In Cases Other Than Tax Refund Actions, Will A Remand Or Suspension Be Sought And, If So, Why And For How Long</u>?**

<u>Joint Response</u>: No. The parties do not believe that remand or suspension will be sought.

**F. <u>Will Additional Parties Be Joined? If So, The Party Shall Provide A Statement Describing Such Parties, Their Relationship To The Case, The Efforts To Effect Joinder, And The Schedule Proposed To Effect Joinder</u>.**

<u>Joint Response</u>: No. The parties do not anticipate that additional parties will be joined.

**G. <u>Does Either Party Intend To File A Motion Pursuant To RCFC 12(b), 12(c), Or 56 And, If So, What Is The Schedule For The Intended Filing</u>?**

<u>Joint Response</u>: Neither party expects to file a motion pursuant to RCFC 12(b) or 12(c). Plaintiff believes that it is premature to determine whether a motion pursuant to RCFC 56 is appropriate. Defendant expects to file a motion pursuant to RCFC 56.

**H. <u>What Are The Relevant Factual And Legal Issues</u>?**

<u>Plaintiff's Response</u>: This case involves the assumption of an existing lease for a marina by Plaintiff who purchased the marina in 1995. In addition, this case asserts that a subsequent

agreement entered into in 1999 between Plaintiff and Defendant entitled a memorandum of understanding ("MOU") is void. Accordingly, this instrument should be set aside and remedies should be fashioned in a manner which will place Plaintiff in the same position that Plaintiff would have enjoyed had the MOU not been executed.

After Plaintiff's purchase of the marina, Defendant would not allow Plaintiff to add additional docks within the existing leasehold area until Plaintiff agreed to re-configure the Eden Isle leasehold area and accept what was represented to be a comparable leasehold area located elsewhere on the lake (commonly referred to as Cove Creek) in exchange. The substituted area, Cove Creek, did not have a marina or the infrastructure developed for a marina. Defendant agreed in the MOU to construct an access road, among other things, as funds became available. The MOU is unambiguous and was prepared by Defendant, but Defendant asserts that the term "as funds become available" is the equivalent of placing the sole burden upon Plaintiff to acquire the necessary funds from a Congressional representative (described by the Corp as a Congressional Add) as a condition precedent to the Corp being obligated to perform the construction.

Not only has the Defendant never performed in the necessary construction at Cove Creek, but also, the Defendant has concealed its true intentions that it never would be performed. Therefore, Plaintiff has lost substantial profits from Plaintiff relinquishing a prime lease area for one that remains today as non-existent.

<u>Defendant's Response</u>: This case involves a lease ("lease") and a memorandum of understanding ("MOU") signed in 1999, for sites at the Eden Isle Marina, on Greer's Ferry Lake in Cleburne County, Arkansas. Plaintiff is the current lessee and operates a marina on the lake. Plaintiff wanted to expand its marina operation within the existing leasehold, but the local property

owners association opposed the expansion. The parties subsequently executed a memorandum of understanding which reconfigured the leasehold and allowed plaintiff to construct an expanded marina operation in a less-populated area of Greer's Ferry Lake that was not serviced by an access road. The MOU contained a provision that the Corps of Engineers ("COE") "will construct an access road and parking for the marina at Cove Creek Park as funds become available." The parties disagree as to meaning of that provision in the MOU. At the time the parties signed the MOU, the COE informed plaintiff that it did not have any appropriated funds available for road construction. Therefore, because of the Anti-Deficiency Act (31 U.S.C. § 1341), the contracting office had no authority to obligate the COE to build the road using Government funds. Based on plaintiff's statements and representations at the time the MOU was negotiated, the Government understood that plaintiff intended to obtain the funds for constructing the access road by seeking a Congressional Add, and that when funds became available from that source, the Government would construct the road. After the MOU was executed, plaintiff did take steps to obtain a Congressional Add through Senator Hutchinson's office, but these efforts proved to be unsuccessful when Senator Hutchinson was not re-elected.

<u>Plaintiff's Issues:</u>

1. Should the MOU be rescinded, and restitution awarded, due to Defendant's fraud, misrepresentations and concealment in connection with the MOU; the lack, failure or inadequacy of consideration underlying the MOU; the Defendant's use of duress to procure Plaintiff's execution of the MOU; or the material mistakes of fact underlying execution of the MOU?

2. As an alternative to rescission, is Plaintiff entitled to damages stemming from Defendant's violation of the 1995 lease, MOU, and Eden Isle/Cove Creek modification (collectively, the contract), via its anticipatory breach; violation of legally-implied duties; and tortious breach of contract stemming from its misrepresentations and negligence?

3. Finally, is Plaintiff entitled to relief due to Defendant's taking of Plaintiff's

contract and real property rights without just compensation in violation of the Fifth Amendment?

Defendant's Issues:

1. Did the plaintiff bring this suit within the applicable statute of limitations?

2. Did the Contracting Officer have authority to obligate the Government to build the access road where no appropriated funds were available for this purpose at the time the MOU was signed?

3. Are the plaintiff's claims barred by the Anti-Deficiency Act (31 U.S.C. § 1341)?

4. Whether the Government had any duty to build a road before plaintiff obtained funding through a Congressional Add?

5. Was there a mistake of fact preventing a meeting of the minds as to the time of funding and building the road? If so, did the parties nevertheless form an enforceable contract with respect to the remainder of the terms in the lease and MOU?

6. Should the parties be allowed to rely on parol evidence to establish the meaning of the MOU provisions?

7. What remedy is available to the plaintiff?

8. Are plaintiff's claims are barred by accord and satisfaction?

**I. What Is The Likelihood Of Settlement? Is Alternative Dispute Resolution Contemplated?**

Plaintiff's Response: At present the likelihood of settlement is slight. Mediation may be beneficial after the parties have had an opportunity to conduct discovery.

Defendant's Response: The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement.

**J. Do the Parties Anticipate Proceeding to Trial? Does Either Party, or Do the Parties Jointly, Request Expedited Trial Scheduling And, If So, Why? A Request for Expedited Trial Scheduling Is Generally Appropriate When the Parties Anticipate the Discovery, If Any, Can Be Completed Within a 90-day Period, the Case Can Be Tried Within 3 Days, No Dispositive Motion Is Anticipated, and a Bench Ruling Is Sought. The Requested Place of Trial Shall Be Stated. Before Such a Request Is Made, the Parties Shall Confer Specifically on this Subject.**

Joint Response: The parties do not request expedited trial scheduling. The parties agree that any trial in this case should be held in Little Rock, Arkansas. Plaintiff affirmatively states that this is the appropriate forum due to: (1) the location of the Corps of Engineers office involved in this dispute; (2) the location most witnesses reside at or within driving distance of Little Rock; (3) Plaintiff's counsel's offices are located in Little Rock; (4) local counsel for the Corps of Engineers is located in Little Rock Office; and (5) Little Rock is the most convenient forum for all of the litigants. Defendant affirmatively states that discovery will be necessary in order to determine if there are disputed issues of material fact requiring a trial, and Plaintiff responds that barring a settlement or a favorable ruling on a dispositive motion it is anticipated this case will proceed to trial.

**K. Are There Special Issues Regarding Electronic Case Management Leads?**

Joint Response: No. The parties are currently unaware of any special issues regarding case management needs.

**L. Is There Other Information Of Which The Court Should Be Aware At This Time?**

Joint Response: No. The parties are unaware of any other information of which the Court should be aware at this time.

**M. Proposed Discovery Plans.**

Plaintiff's Response: Plaintiff's proposed discovery plan is as follows:

(1) Trial in March 2009 (3 weeks);

(2) Discovery deadline to be September 30, 2008.

Plaintiff strenuously objects to Defendant's proposal below that there be a maximum of only 25 requests for admission by each party to any other party. Consistent with the absence of any limitation in RCFC 36, there should be no limit on requests for admission by either party because such discovery devices will undoubtedly streamline the case, expedite discovery, and narrow the disputed issues for resolution at trial.

Likewise, Plaintiff strenuously objects to Defendant's proposal below that there be a maximum of only 10 depositions per party. RCFC 30 specifically envisions that more than 10 depositions may be taken upon leave of the Court, and Plaintiff anticipates that substantial additional depositions will be required and requested in this case due to the extraordinary number of witnesses with pertinent knowledge of the underlying facts.

(3) Providing expert reports by August 1, 2008 and counter-expert reports by September 2, 2008;

(4) Deadline to amend pleadings to be June 30, 2008;

(5) Motions Deadline (except Motions in Limine) to be October 31, 2008

(6) Pretrial Briefs deadline to be in December 2008;

(7) Designation of evidentiary depositions to be in December 2008. Counter-designations due within 30 days.

(8) Pre-trial conference to be in early February 2009;

Defendant's Response: Defendant's proposed discovery plan is as follows:

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All discovery commenced in time to be completed by May 30, 2008.

(3) Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

(4) Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

(5) Maximum of 10 depositions by plaintiff and 10 by defendant. Each deposition is limited to maximum of 8 hours.

(6) Reports from retained experts under Rule 26(a)(2) due:
i. from Plaintiff by July 31, 2008.
ii. from Defendant by September 30, 2008.

(7) Depositions of experts completed by November 1, 2008.

(8) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

(9) Defendant does do not request a conference with the Court before entry of the scheduling order. Plaintiff does not object to a conference if the Court believes that one would be helpful in this instance.

(10) Plaintiff requests a pre-trial conference in early February 2009. The Government proposes reserving the setting of a pre-trial date until after the resolution of all dispositive motions. At that time, the parties shall contact the Court to schedule a pre-trial conference.

(11) All potentially dispositive motions should be filed on or before October 15, 2008.

(12) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due, if necessary, no later than 30 days after resolution of all dispositive motions.

(13) Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(14) Time of trial shall be evaluated at the pre-trial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Marian M. McMullan
MARIAN M. MCMULLAN, AR Bar No. 86123
KELLY HALSTEAD, AR Bar No. 2000089
The McMullan Law Firm
P.O. Box 2839
Little Rock, Arkansas 72203-2839
(501) 372-6555 Telephone
(501) 372-6333 Facsimile
E-mail: mmcmullan @mcmullanlawfirm.com

/s Patrick R. James
PATRICK R. JAMES, AR Bar No. 82084
MATTHEW R. HOUSE, AR Bar No. 99150
James & House, P.A.
P. O. Box 3585
Little Rock, AR 72203-3585
(501) 372-6555 - Telephone
(501) 372-6333 - Facsimile
E-Mail: pjames@jamesandhouse.com
E-Mail: mhouse@jamesandhouse.com

Attorneys for the Plaintiff

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624
E-mail:
joan.stentiford-ulmer@usdoj.gov
Attorneys for the Defendant