# In the United States Court of Federal Claims

No. 07-127 C
(Filed: September 17, 2008)

| | |
|---|---|
| EDEN ISLE MARINA, INC., Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER

On September 16, 2008, plaintiff in the above-captioned case electronically submitted a motion to compel.[1] The clerk's office alerted the court to several deficiencies with plaintiff's motion, as follows:

- Neither the motion nor the supporting brief were signed by the attorney of record, as required by Rule 11(a) of the Rules of the United States Court of Federal Claims ("RCFC").
- The supporting brief exceeded the forty-page limit allowed by RCFC 5.3(b)(1).
- Plaintiff did not include either a table of contents or a table of authorities, as required by RCFC 5.3(a)(1)(A)-(B).

Due to these deficiencies, especially the Rule 11 violation, the court cannot accept plaintiff's motion to compel for consideration. Accordingly, the court **STRIKES** both motions to compel (i.e., docket numbers 21 and 22). Plaintiff must cure all of the deficiencies before refiling its

[1] In fact, plaintiff filed two motions to compel, one without a supporting memorandum (docket # 21) and one with a supporting memorandum (docket #22). Because the second motion appears to be a corrected version of the first motion, the court will strike the first motion from the docket. Thus, the bulk of this order concerns the second motion.

motion. If plaintiff desires to file a brief that exceeds forty pages in length, it shall file the appropriate motion with the court before filing the motion to compel.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge