18-08

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDEN ISLE MARINA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-127C |
| v. | ) | Judge Damich |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant, the United States, hereby serves these responses to plaintiff's requests for admissions.

Request for Admission No. 1: Please admit the 1995 Eden Isle lease comprised approximately 2,250 feet of shore line at Eden Isle Marina.

Response: Admitted.

Request for Admission No. 2: Please admit that the COE requires any concessionaire's interest being sold and the lease assigned to meet the prior written approval of the COE.

Response: Admitted.

Request for Admission No. 3: Please admit in 1995, the entire lease area of EIM was available for commercial concession purposes to be developed as needs warranted and developed in a manner meeting the COE approval.

Response: Denied. Plaintiff was aware, as early as June 1, 1995, that there was strong public opposition to its proposed expansion of its marina operation in the northern part of the leasehold area. Plaintiff nevertheless accepted an assignment of the lease two weeks later.

Additionally, defendant states that the Corps of Engineers is obligated to

EXHIBIT A

take public opposition into account when determining whether to approve any development of its leased property. Public support, or lack thereof, is one of many factors that the Corps must use to guide its decision making.

Request for Admission No. 4: Please admit from 1996 to December 2, 1999, the COE allowed other marina operators on Greers Ferry Lake to add additional boat slips.

Response: Admitted. Defendant admits that it allowed marina operators, including plaintiff, to add additional boat slips during the period from 1996 to December 2, 1999. Defendant denies that it denied plaintiff's requests for expansion while granting other requests.

Request for Admission No. 5: With the exception of the lease area near Lake Eden which was deleted in 1993, please admit the leasehold area for Eden Isle Marina in effect in 1995 had not changed from the 1980 lease revision.

Response: Admitted.

Request for Admission No. 6: Please admit there was no legal basis underlying the cease and desist order issued by Billy Cabe.

Response: Objection. This request for admission is too vague to be admitted or denied. Plaintiff did not attach a copy of whatever document it refers to here, and, without knowing to what plaintiff refers, defendant cannot provide a response. Without waiving this objection, defendant denies that the Corps of Engineers took any action that lacked legal basis.

Environmental Assessment. The Corps was not obligated to approve any development request from plaintiff, but has always retained the right to exercise its judgment to deny any development request.

Request for Admission No. 11: Please admit political influence does not excuse the COE from fulfilling its obligations.

Response: Objection. This request for admission contains vague and ambiguous terms and defendant cannot admit or deny it. Without waiving this objection, defendant states that it is an agency of the Government and its obligations are defined by statute and regulations. Defendant further states that it did not fail to meet any of its obligations to plaintiff.

Request for Admission No. 12: Please admit, prior to the MOU, it was in the public's best interest for Plaintiff to develop its leasehold area.

Response: Denied. Determining what constitutes the public's best interest requires analysis of many different factors, including public safety, environmental concerns, traffic, and public opposition to any proposed development. Plaintiff was aware, as of June 1, 1995, that there was strong public opposition to its proposed expansion of its marina operation in the northern part of the leasehold area.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

/s
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7995
Facsimile: (202) 514-8624

Counsel for Defendant

OF COUNSEL:
JAMES CULLUM
Assistant District Counsel
Little Rock District
U.S. Army Corps of Engineers
Little Rock, Arkansas

January 8, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 8th day of January, 2008, I caused copies of "DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS," to be sent by overnight delivery to:

Marian Major McMullan, Esq.
The McMullan Law Firm
815 W. Markham Street
P.O. Box 2839
Little Rock, Arkansas 72203

